Marc J. Randazza, Esq., FL Bar #625566
Jason A. Fischer, FL Bar #68762
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(1) DIRECT COPYRIGHT INFRINGEMENT;** |
| MONIKER PRIVACY SERVICES REGISTRANT 2125963, d/b/a SUNPORNO.COM, "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50 | **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;** |
| | **(3) VICARIOUS COPYRIGHT INFRINGEMENT** |
| | **(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT** |
| Defendants | |
| | **INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**LIBERTY MEDIA HOLDINGS, L.L.C.** hereby files this Complaint against multiple Defendants for violations of its intellectual property rights, namely Liberty's copyrights, which are being infringed upon by multiple persons.

The Plaintiff respectfully requests the relief requested herein. For just cause, the Plaintiff would show the Court as follows:

## INTRODUCTION

1. This is an action filed by Liberty Media Holdings, LLC (hereinafter Liberty or Plaintiff), to recover damages arising from infringement of Plaintiff's copyrights in its creative works by the Defendant, either directly or indirectly, through the use of the SunPorno website found at www.sunporno.com.  See generally **Exhibit A.**

2. SunPorno.com (hereinafter SunPorno) is owned and operated by an individual or group of individuals, who have taken steps to keep their identities hidden (for obvious reasons), but at the time are only identifiable as "Moniker Privacy Services Registrant 2125963." Hereafter, for the sake of brevity and clarity, the Defendant shall be referred to as "SunPorno."

3. This Defendant copied, reproduced and distributed certain Plaintiff-owned works through www.sunporno.com.

4. Does 1-50 are employees of, agents for, or registered members of Defendant SunPorno, and uploaded copyrighted works to the SunPorno website.  They remain presently unidentified.

5. The Defendants' actions were willful in nature, entitling the Plaintiff to enhanced damages.  The Plaintiff seeks statutory damages, actual damages, an award of its attorneys' fees and costs of suit, as well as injunctive relief.

## THE PARTIES

### The Plaintiff, Liberty Media Holdings, LLC

6. Liberty Media Holdings, LLC is a California limited liability company doing business as CORBIN FISHER®, with a principal place of business in Las Vegas, Nevada.

7. Plaintiff Liberty produces, markets, and distributes adult-oriented audiovisual works under the registered marks CORBIN FISHER®, and CORBIN FISHER'S AMATEUR COLLEGE SEX®, including photographs, books, DVDs, and through the operation of a website.  At this website, individuals purchase monthly subscriptions to view Plaintiff's photographic works and audiovisual content.

8. Liberty's website has "free tour" areas where G-Rated photographs may be viewed, but its more explicit erotic works are only available to individuals who pay a monthly subscription fee or who purchase a DVD from Liberty.

9. Liberty prohibits persons who are under the age of 18 from accessing the more explicit areas of its website, and does not sell its DVDs to minors.

### John Doe / Moniker Privacy Services Registrant 2125963

10. John Doe, a/k/a Moniker Privacy Services registrant number 2125963, is an unknown individual who has taken steps to hide his identity. Hereinafter, this defendant will be referred to as "SunPorno". However, the Plaintiff will amend this Complaint to add SunPorno's true identity, whether that is determined to be a corporate entity or an individual, after the benefit of discovery.

11. Defendant SunPorno does business as and operates the SunPorno website at www.sunporno.com.

12. In the publicly accessible WHOIS database, SunPorno provides a mailing address of 20 Southwest 27th Ave, Suite 201, Pompano Beach, Florida 33069.

13. Defendant SunPorno competes with Plaintiff in the distribution of adult-oriented, audiovisual works through Internet distribution.

14. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### Sunporno User "advert"

15. SunPorno user "advert" (hereinafter advert) is a member or administrator of the SunPorno website, registered under the screen name advert. When the true identity of advert is discovered, this complaint will be amended to include his or her true name.

16. On information and belief, advert is an administrator, officer, owner, or other insider at sunporno.com.

17.     Advert is responsible for uploading the Liberty copyrighted work "Noah and Mandy" to the SunPorno website.  This video has been viewed 14,478 times with a 100% "like" rating as of September 21, 2011.  See **Exhibit B.**

18.     Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### SunPorno User "Casta"

19.     SunPorno user "Casta" (hereinafter Casta) is a member or administrator of the SunPorno website, registered under the screen name Casta.  When the true identity of Casta is discovered, this complaint will be amended to include his or her true name.

20.     On information and belief, Casta is an administrator, officer, owner, or other insider at sunporno.com.

21.     Casta is responsible for uploading the Liberty copyrighted work "Josh and Mandy" to the SunPorno website.  This video has been viewed 98,965 times with a 90% "like" rating as of September 21, 2011.  See **Exhibit C.**

22.     Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### SunPorno User "Trikster"

23.     SunPorno user Trikster (hereinafter Trikster) is a member or administrator of the SunPorno website, registered under the screen name Trikster.  When the true identity of Trikster is discovered, this complaint will be amended to include his or her true name.

24.     On information and belief, Trikster is an administrator, officer, owner, or other insider at sunporno.com.

25. Trikster is responsible for uploading the Liberty copyrighted work "Dawson and Mandy" to the SunPorno website. This video has been viewed 6,386 times with a 100% "like" rating as of September 21, 2011. See **Exhibit D.**

26. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### SunPorno User "tester"

27. SunPorno user "tester" (hereinafter tester) is a member of the SunPorno website, registered under the screen name tester. When the true identity of tester is discovered, this complaint will be amended to include his or her true name.

28. Tester is responsible for uploading the Liberty copyrighted work "Chris and Mandy" to the SunPorno website. This video has been viewed 4,470 times with a 61% "like" rating as of September 21, 2011. See **Exhibit E.**

29. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### SunPorno User "likis"

30. SunPorno user "likis" (hereinafter likis) is a member or administrator of the SunPorno website, registered under the screen name likis. When the true identity of likis is discovered, this complaint will be amended to include his or her true name.

31. On information and belief, likis is an administrator, officer, owner, or other insider at sunporno.com.

32. Likis is responsible for uploading the Liberty copyrighted work "Tanner and Mandy" to the SunPorno website. This video has been viewed 13,075 times with a 78% "like" rating as of September 21, 2011. See **Exhibit F.**

33. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### SunPorno User "worker"

34. SunPorno user worker (hereinafter worker) is a member of the SunPorno website, registered under the screen name worker. When the true identity of worker is discovered, this complaint will be amended to include his or her true name.

35. Worker is responsible for uploading the Liberty copyrighted work "Philip Fucks Trey" (renamed "Passionate college gay boys having sex on the sofa" on SunPorno) to the SunPorno website. This video has been viewed 34,929 times with a 90% "like" rating as of September 21, 2011. See **Exhibit G.**

36. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### Does 1-50

37. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants sued herein as Does 1-50 are unknown to Plaintiff, which sues said Defendants by such fictitious names. If necessary, Plaintiff will seek leave of this Court to amend this Complaint to state these Defendants' true names and capacities.

38. Plaintiff is informed and believes, and on that basis alleges, that these Doe Defendants should also be subject to the relief requested herein.

39. Defendants Does 1-50 assisted, conspired with, or acted in conjunction with the other Defendants in order to abuse the illegal activities complained of. Plaintiff intends to amend this Complaint when the true name of any Doe defendant becomes known.

40. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

## JURISDICTION AND VENUE

41. This Court has subject matter jurisdiction pursuant to the Copyright Act. 17 U.S.C. §§ 101 et seq.

42. This Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

43. As SunPorno is registered in the state of Florida, lists a Florida address, and contracted with a Florida domain name registrar and a Florida domain name privacy service, all to commit the wrong alleged herein, SunPorno is certainly subject to jurisdiction in the Southern District of Florida. As Does 1-6 uploaded the Plaintiff's copyrighted materials to this Florida based website and they are (most likely) principles of SunPorno, they, too, are subject to jurisdiction in the Southern District of Florida.

44. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and (d); and 28 U.S.C. §1400(a).

## STATEMENT OF FACTS

45. SunPorno.com is a website that provides adult-themed audiovisual content to its members. Many of the works available on the website appear to be copyrighted videos. These videos are stolen from a number of adult entertainment companies, including Plaintiff. While the site is free for members to join and view as well as download a large number of videos (including at least 6 of Plaintiff's works), SunPorno also provides premium memberships

through a third party company, www.csmembers.com. **Exhibit H.** Memberships also allow members to sign up to view DVD quality movies and download these movies in HD formats. **Exhibit I.**

46. SunPorno operates a webmasters program, wherein it provides additional services to webmasters, allowing them to, and encouraging them to assist SunPorno in its illegal endeavor for monetary compensation.

47. SunPorno's business model also depends on ad generated income and profits. Each page displaying free video content has several banner ads and often has side bar ads as well.

48. SunPorno awards members "tokens" for signing up and has additional tokens available for sale.  These tokens are redeemable for live chat sessions with models posting directly to the site.  These tokens are valued at per minute rates based upon the desirability of the content (i.e., group live events are 2 tokens per minute whereas private shows with top-rated models are 25 tokens per minute).  SunPorno could not, and would not be able to, sell these tokens without attracting viewers to the site by using the Plaintiff's copyrighted works.

49. Although Liberty takes steps to keep its materials out of the hands of minors, SunPorno took no such protective steps, thus potentially circumventing Liberty's strong "no minors" policy.

50. Neither Defendant SunPorno nor the individual viewing the pirated material pays anything to the actual copyright owner of the pirated materials.

51. Defendant SunPorno's library of illicitly obtained materials does not appear magically or accidentally.  Defendant SunPorno depends on an army of agents, members, and employees to upload the content.

52. Plaintiff Liberty discovered 6 copies of its copyrighted material illegally shared on Defendant's website. Declaration of Erika Dillon (Dillon Dec.) at ¶ 4-6.  A list of the copyrighted works, as well as the URL of the infringing copy, is attached hereto as **Exhibit J.**

53. Plaintiff conducted an investigation, which revealed that Defendant SunPorno did not have a registered DMCA Agent, required by **17 U.S.C. §512(c)(2),** to qualify for the DMCA

safe harbor provisions. See http://www.copyright.gov/onlinesp/list/s_agents.html. As SunPorno has no DMCA Agent, it is precluded from raising a DMCA defense in this case.

54. Defendant SunPorno is a massive copyright infringer. It publishes illicitly obtained copyrighted materials to lure potential members to its website, and engages in this illicit activity for profit.

55. The principals of SunPorno and the other corporate Defendants, both known and unknown, are equally liable for all acts complained of herein.

56. In addition to memberships sold through its website, Plaintiff sells its copyrighted audiovisual material in DVD format. Sales occur through various channels, including wholesale distribution for down-channel retail distribution. Plaintiff also markets its products through third-party licensees.

57. The audiovisual works at issue are valuable, and easily discernable as professionally produced works. Plaintiff Liberty created the works using highly talented performers, directors, cinematographers, lighting technicians, set designers, and editors. Plaintiff Liberty created the works using the highest quality cameras, lighting, and editing equipment.

58. Neither the individuals supplying copyrighted works to Defendant nor SunPorno itself, nor any other Defendants, determines the true and correct owners of the copyrighted works. This is true although both the individuals transferring and the Defendant receiving and distributing these works are actually or constructively aware, should be aware, or are willfully blind that the copyrights belong to entities other than the individuals or Defendants. Both the individuals supplying the works and the Defendant distributing the intellectual property fail and refuse to apply for proper licensing and further fail to determine the identity and age of the actors appearing in the works as required by law.

59. SunPorno earns revenue by using free content to draw members to the site and then incentivizing members with redeemable tokens, as well as advertisements. SunPorno is able to sell tokens based on the number and quality of videos available on its website and is able to sell ad space based on its site's daily hits and number of members, which in turn is influenced by the number of new videos uploaded as well as their quality and desirability.

60. All of Plaintiff's works appearing on the SunPorno website are highly rated by the site, and therefore are a large draw for its current and future members. See **Exhibits B-G**. The Plaintiff's works appearing on Defendant's site received an average of an 87% "like" rating by members, with the works receiving over 172,000 views.

61. Defendant sell its videos online for an average price of approximately $5.00 each, if they are downloaded individually off the Plaintiff's website. At this price, these viewership figures support an actual damages award of approximately $860,000, with the precise amount to be determined at trial.

62. Defendants' unauthorized reproduction, public display, and distribution of Plaintiff Liberty's works serve as an inducement, attracting many individuals to sign up for memberships to access the Defendant SunPorno web site, who profit the Defendants by clicking through on other paid ads to other sponsors of the SunPorno website and purchasing additional tokens.

63. Defendants actively engage in, promote, and induce copyright infringement. Each infringement act occurred on www.sunporno.com.

64. Plaintiff Liberty's employees discovered and documented that Defendants reproduced, publicly displayed, and distributed through the SunPorno website at least 6 unauthorized video files copyrighted by and belonging to Plaintiff. See Dillon Dec. at ¶ 4-6. SunPorno's customers viewed the illegally and improperly obtained intellectual property, and downloaded the property, thus making more copies thereof.

65. Defendants' business model depends on the uploading, posting, displaying and performance of copyrighted audiovisual works belonging to Plaintiff Liberty. Defendants intentionally, knowingly, negligently, or by willful blindness built a library of works that infringed on copyrighted material for drawing Internet traffic to sign up memberships to view the works and in order to sell ad space on its website, creating substantial revenues thereby.

66. Defendants intentionally, knowingly, negligently, or through willful blindness choose to avoid reasonable precautions to deter rampant copyright infringement on Defendant SunPorno's website.

67.     Defendants make no attempt to identify the individuals providing the works, where the individuals obtained the works, or whether the individuals had authority to further reproduce and distribute the works.

68.     Defendants acts and omissions allow them to profit by their infringement while imposing on copyright owners a monetary burden to monitor Defendant's website without sufficient means to prevent continued and unabated infringement.

69.     Prior to releasing its works into the market on the Internet or in DVD format, Plaintiff Liberty marks each work with a copyright notice. Plaintiff Liberty's labels reflect its true business address and a statement that it maintains age authentication records at that address, as required by 18 U.S.C. §2257.

70.     Plaintiff Liberty prominently displays its copyright mark on its website, and prominently displays its trademark on its films.

71.     Defendants' infringements harmed and continue to harm Plaintiff Liberty and others legally deriving the benefits of Plaintiff Liberty's creative works. Defendants' continued infringements undermine Plaintiff Liberty and other creative enterprises that produce audiovisual works.

72.     Plaintiff Liberty seeks immediate redress, as follows:

   a. A declaration that Defendants' conduct in reproducing and distributing Plaintiff's copyrighted works without authorization willfully infringes Plaintiff Liberty's copyrights;

   b. A permanent injunction requiring Defendants employ reasonable methods and/or technologies preventing or limiting infringement of Plaintiff Liberty's copyrights;

   c. Statutory damages for Defendants' past and present willful infringement, or actual damages plus profits.

   d. A seizure of all of the instrumentalities of the Defendants' illegal acts.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. §§ 101 *Et. Seq.***
**Against SunPorno, advert, Casta, Trikster, tester, likis, and worker**

73. Plaintiff repeats and incorporates by reference as if *verbatim*, each and every paragraph previous to this section, inclusive.

74. Plaintiff Liberty holds the copyright on five of the six infringed works alleged in this action. See **Exhibit K**, attached hereto and incorporated herein for all purposes. The sixth work, "Philip Fucks Trey" has an application pending.

75. Plaintiff Liberty registered each copyright with the United States Patent and Copyright Office. See **Exhibit K.**

76. The number of infringed copyrights grows daily. Plaintiff reserves the right to file supplemental updates to Exhibit K.

77. At all pertinent times, Plaintiff Liberty was the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants through the SunPorno website.

78. Defendants reproduced, reformatted, and distributed Plaintiff Liberty's copyrighted works by and through servers and/or other hardware owned, operated, and/or controlled by Defendant SunPorno.

79. Defendants infringed Plaintiff's copyrights by reproducing and distributing the works through Defendant SunPorno's website without proper approval or authorization of Plaintiff.

80. Defendants knew or should have reasonably known they did not have permission to exploit Plaintiff Liberty's works on the SunPorno website and further knew or should have known their acts constituted copyright infringement.

81. Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them. Defendants failed and refused to take any reasonable measures to determine the owner or license holder of copyrighted works.

82. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff Liberty's copyrighted works.

83. The quantity of copyrighted files available to Internet users increased the attractiveness of Defendant SunPorno's services to its customers, increased its membership base, and increased its ad sales revenue.

84. SunPorno actively encouraged users to upload pirated copyrighted files.

85. Defendants controlled the files removed from Defendant SunPorno's website and determined which files remained.

86. SunPorno never adopted procedures to ensure that distribution of Liberty's copyrighted materials would not occur. SunPorno never established, implemented, communicated, or enforced a "repeat infringer" policy. See Dillon Dec. ¶ 16.

87. Defendant SunPorno was aware, either actually or constructively, should have been aware, or was willfully blind that pirated copyrighted materials comprised popular videos on the SunPorno system.

88. Defendant SunPorno affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

89. On information and belief, SunPorno will claim that it is not responsible for the content on its website and that all of the content is "user-generated." As a primary matter, content is not "user-generated" but rather "user-posted" at best. However, on information and belief, and on that basis, the Plaintiff alleges, SunPorno directs, controls, or otherwise uploads content to its own website including, but not limited, to the content which is the subject of this complaint.

90. Although SunPorno will likely claim that the content was uploaded by third parties, five of the six motion pictures at issue in this action all contain the same actress, known as "Mandy." It is highly unlikely that five different users would sift through all of the hundreds upon hundreds of Corbin Fisher titles, and only five movies starring "Mandy" happened to be selected by five different users to be uploaded to this website. It is a statistical impossibility that

this could be coincidental, strongly suggesting that the posting of these materials is not done by unrelated third parties, but is actually done by SunPorno itself.

91.     Further, each user profile lists the user's age, gender, the date they joined the website, the number of videos they have watched on the website, the number of videos they have uploaded, and the number of people who have watched videos the user has uploaded.  Dillon Dec. ¶ 8.

92.     The following four usernames appear to be administrators or site management: "Casta," "advert," "likis" and "Trikster."  These users all have join dates listed as "01 January 1970."  Members are not provided with the ability to change their join dates.  These members have also viewed zero videos while uploading thousands of videos.  Unlike most members, these members do not utilize the social features of the profile called "connections" and "favorite videos".  See Dillon Dec. ¶ 10-13; see also **Exhibit L.**

93.     Profile pages also allow other members to leave comments directed at the member.  On the profile page for "Casta," another member requests explanation as to why one of the videos they attempted to upload was denied.  See Dillon Dec. ¶ 14; see also **Exhibit L.**  The question would only be directed toward an administrator.

94.     Based upon the manner in which these accounts are set up and utilized, it is highly unlikely that they are typical users and most likely have additional rights and permissions commonly restricted to administrators, moderators, webmasters or other enforcers of site policy.  See Dillon Dec. ¶ 11, 15.

95.     Defendants' conduct was willful within the meaning of 17 U.S.C. §101, *et seq*.  At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff Liberty's registered copyrights.

96.     Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  See 17 U.S.C. §501.  Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

97. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff Liberty to recover statutory damages. 17 U.S.C. §504(c).

98. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

99. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

100. Plaintiff Liberty has no complete remedy at law for Defendants' wrongful conduct, as follows:

    a. Plaintiff's copyrights are unique and valuable property having no readily determinable market value;

    b. Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and,

    c. Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

101. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights; 17 U.S.C. §502.

102. Plaintiff is entitled to actual or statutory damages, to be elected by the Plaintiff.

## SECOND CAUSE OF ACTION
### Contributory Copyright Infringement
### Against SunPorno

103. Plaintiff re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

104. Advert, Casta, Trikster, tester, likis, and worker, without authorization, reproduced and distributed Plaintiff Liberty's works through Defendant SunPorno's website, directly infringing Plaintiff Liberty's copyrighted works.

105. SunPorno contributed to the infringing acts of those individuals.

106. SunPorno was aware, should have been aware, or was willfully blind to the infringing activity.

107. SunPorno aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff Liberty's copyrighted works through its website without regard to copyright ownership.

108. SunPorno had the obligation and ability to control and stop the infringements. However, SunPorno failed to do so.

109. SunPorno materially contributed to the infringement.

110. SunPorno received direct financial benefits from the infringements.

111. All Defendants had actual, constructive or should have had actual or constructive knowledge of the infringing acts.

112. The conduct, acts, and omission of all Defendants demonstrate contributory copyright infringement.

### THIRD CAUSE OF ACTION
### Contributory Copyright Infringement
### Against advert, Casta, Trikster, tester, likis, and worker

113. Plaintiff re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

114. Advert, Casta, Trikster, tester, likis, and worker, without authorization, reproduced and distributed Plaintiff Liberty's works through Defendant SunPorno's website, directly infringing Plaintiff Liberty's copyrighted works.

115. Advert, Casta, Trikster, tester, likis, and worker contributed to the infringing acts of SunPorno.

116. Advert, Casta, Trikster, tester, likis, and worker were aware, should have been aware, or were willfully blind to the infringing activity.

117. Advert, Casta, Trikster, tester, likis, and worker aided, abetted, allowed, and encouraged SunPorno to reproduce and distribute Plaintiff Liberty's copyrighted works through its website without regard to copyright ownership.

118. Advert, Casta, Trikster, tester, likis, and worker had the obligation and ability to control and stop the infringements. However, they failed to do so.

119. Advert, Casta, Trikster, tester, likis, and worker materially contributed to the infringement.

120. All Defendants had actual, constructive or should have had actual or constructive knowledge of the infringing acts.

121. The conduct, acts, and omission of all Defendants demonstrate contributory copyright infringement.

## FOURTH CAUSE OF ACTION
## Vicarious Copyright Infringement
## Against SunPorno, advert, Casta, Trikster, tester, likis, and worker

122. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

123. Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff Liberty's works through Defendant SunPorno's website, directly infringing Plaintiff Liberty's copyrighted works.

124. SunPorno was actually or constructively aware, should have been aware or was willfully blind to the infringing activity.

125. SunPorno was able to control or completely end the illegal and improper infringement, but failed and refused to do so.

126. SunPorno contributed materially to the infringement.

127. SunPorno received direct financial gain and profit from those infringing activities.

128. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

## FIFTH CAUSE OF ACTION
## Inducement of Copyright Infringement
## Against SunPorno

129. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

130. Defendants designed and distributed technology and devices and induced individuals to use this technology to promote the use of infringed and copyrighted material. As a

direct and proximate result of Defendants' inducement, individuals infringed Plaintiff Liberty's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendant SunPorno's website.

131. Defendants' inducements were willful, knowing, or negligent and, at all pertinent times, Defendant acted in disregard of and with indifference to Plaintiff Liberty's copyrights.

## DAMAGES

132. The videos at issue in this action have been viewed for a total of 172,303 times. See **Exhibits B-G.**

133. The cheapest comparable video options on Corbin Fisher's pay-per-view site, Corbin Fisher Select, are $3.95. See Declaration of Brian Dunalp at ¶ 8. ("Dunlap Dec.") If these views had been paid, even at the lowest available rate, this would total $680,596.85. See Dunlap Dec. ¶ 9a-f.

134. The Copyright Act permits the Plaintiff to elect to statutory damages, and Plaintiff reserves the right to do so. In the event Plaintiff elects to do so, the statutory damages in this case will be up to $900,000.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Liberty respectfully requests the Court hereby:

(1) Enter a judgment declaring that all Defendants, jointly and severally, with a common plan, purpose or scheme, willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. §501 through direct, contributory, vicarious, and inducing acts;

(2) Issue declaratory and injunctive relief against all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in acting in concert or participation with them, and further to enjoin and restrain all Defendants and others from copying, posting or making any other infringing use or infringing distribution of Plaintiff's audiovisual works, photographs or other materials;

(3) Issue injunctive and declaratory relief against Defendants SunPorno, advert, Casta, Trikster, tester, likis, worker, and Does 1-50 and their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from engaging in further acts of copyright infringement; and if they are unable to comply, then this Court should issue an order shutting down SunPorno completely.

(4) Enter an order of impoundment pursuant to 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(5) Enter an order enjoining Defendants from disposition of any domain names registered to them, or other property, until full and final settlement of any and all money damage judgments;

(6) Enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff Liberty as a result of their illegal or improper activity, whether criminal or civil in nature, of any and all Defendants, each and singular, jointly or severally;

(7) Enter an order directing the Defendants pay Plaintiff damages as follows:
   a. maximum enhanced statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. §504(c)(2), for Defendants' willful infringement of Plaintiff Liberty's copyrights; or
   b. Plaintiff Liberty's actual damages and Defendants' profits; and,

(8) Enter an order directing the Defendants pay Plaintiff Liberty both the costs of action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. §505;

(9) Enter an order directing the Defendants pay pre- and post-judgment interest at the highest legal rate;

(10) Grant to Plaintiff Liberty whatever and further relief, either in law or in equity, to which this honorable Court deems them fit to receive.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 23, 2011
Respectfully Submitted,

Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (888) 667-1113
Facsimile: (305) 437-7662 fax

*s/ Marc J. Randazza*

Marc J. Randazza, Esq., (625566)
mjr@randazza.com
Jason A. Fischer, (68762)
jaf@randazza.com