Marc J. Randazza, Esq., FL Bar #625566
Jason A. Fischer, FL Bar #68762
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>MONIKER PRIVACY SERVICES REGISTRANT 2125963, d/b/a SUNPORNO.COM, "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. 11-cv-62107-KMW<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY** |

## PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY

Plaintiff, Liberty Media Holdings (hereinafter "Liberty" or the "Plaintiff") files this Motion for Early Discovery (hereinafter this "Motion") in the above-captioned case through its counsel, Randazza Legal Group. Plaintiff seeks leave of this Court to discovery the identities of Defendants Moniker Privacy Services Registrant 2125963 d/b/a SunPorno.com, "advert," "Casta," "Trikster," "worker," "likis," "tester," and Does 1-50. This information is essential to

prosecuting the Complaint filed by Plaintiff in this case (Doc. # 1). To effectuate this goal, Plaintiff seeks Court order allowing it to serve discovery on Moniker Online Services, Moniker Privacy Services, the chief defendant, SunPorno.com, and its operator (once identified), and various Internet service providers (ISPs) for identifying information of their customers and compatriots.

**MEMORANDUM OF LAW AND POINTS OF AUTHORITY IN FAVOR OF**
**PLAINTIFF'S MOTION FOR EARLY DISCOVERY**

**I.    Introduction**

Plaintiff Liberty seeks the identities of a number of anonymous defendants. Step one in identifying them is to serve discovery requests upon Moniker Online Services (Moniker). Moniker is a Pompano Beach based company that provides domain name registration services to the sunporno.com website, and which provides "privacy services" to this the owner of the domain name. Liberty seeks a Court order permitting the Plaintiff to issue subpoenas to Moniker and to other third parties in advance of this case's Rule 26(f) conference, in order to discover the true identity of the defendants in order to serve them with process in this case.

Additionally, Plaintiff requests permission to serve limited discovery in the form of interrogatories and depositions to any individual identified by this primary discovery in order to determine the identity of other defendants in this action, who might not be revealed during the first round of discovery. The only person who will be identified in the first round of subpoenas sent to Moniker will be the registrant of the SunPorno.com domain name. Furthermore, this person may have provided false identification to Moniker, thus finding out his I.P. address login information and then sending subpoenas to his ISP may be the only way to identify this individual with any degree of certainty.

## II. Factual Background

Plaintiff Liberty is a California limited liability company doing business as CORBIN FISHER®. Liberty produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which individuals who pay a monthly subscription fee can view its photographic and audiovisual works.

Defendants "Moniker Privacy Services Registrant 2125963," "advert," "Casta," "Trikster," "worker," "likis," "tester," and Does 1-50 are individuals whose true names and addresses are currently unknown to Plaintiff. These Defendants duplicated and distributed unauthorized and infringing copies of Plaintiff's motion pictures on the SunPorno.com website.

## III. Argument

### A. *The Federal Rules of Civil Procedure Allow Early Discovery in This Case.*

Federal Rules allow for discovery prior to a Rule 26(f) conference upon a showing of good cause. *See Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676, *18 (S.D. Fla. 2007); *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); *and Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts

have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id.* at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individuals identified as "Moniker Privacy Services Registrant 2125963," "advert," "Casta," "Trikster," "worker," "likis," and "tester" in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

Second, there are no other practical measures Plaintiff could take to identify the Doe Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by Moniker and other service providers. Due to the nature of on-line transactions, Plaintiff has no way of determining Defendants' identities except through immediate discovery, and follow-up discovery.

Third, Plaintiff has asserted *prima facie* claims for copyright infringement, contributory copyright infringement, and vicarious infringement in its Complaint, which can withstand a motion to dismiss. Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the work at issue; and (ii) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement. Similarly, the Defendants knew of their infringement, and were

conscious of their uploading of Plaintiff's copyrighted work, and substantially participated in others' infringement of the Plaintiff's copyrighted work, which would have been impossible without Defendants' uploading and sharing of the relevant motion pictures.

When outlining the above factors, the court in *Columbia Ins.* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors across cyberspace, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia Ins.*, 185 F.R.D. at 579.  An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

> B.   *Plaintiff's Specific Requests for Identifying Information About the Defendants Will Make Identification and Service of the Defendants Possible.*

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia Ins.,* 185 F.R.D. at 580; *see also Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980).

The infringement and other wrongful acts at issue in this action occurred online.  The key instrumentality of all of the infringement is the SunPorno.com website.  The owner and operator of this website is clearly liable for copyright infringement, and Moniker most likely has this person's name, address, billing information, and likely other information that will make it possible to reliably identify the proper party in this case.  As this person may have taken steps to hide his true identity from Moniker, further follow-up discovery will likely be necessary.  As a

matter of secondary discovery, it is likely that login IP addresses will be provided by Moniker, and these will provide valuable insight into the identity of the proper parties, as further explained below.

Individuals gain access to the Internet through an ISP.  When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office.  Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an IP address.  This is somewhat akin to a telephone number.  The IP address for a subscriber may stay the same (a static IP address) or it may change from time to time (a dynamic IP address).  ISPs generally record the times and dates that each subscriber was assigned a particular IP.  Once the Plaintiff gets the IP addresses used to access Moniker's services, or to access the SunPorno.com website, the Plaintiff will have even more reliable information about the defendants, and will be able to cut their false information provided to Moniker.

Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific IP address.  Once Plaintiff gets this IP address information, Plaintiff will do so, and then will provide subpoenas to the various ISPs in order to find out to whom each IP address was assigned, and when, so that the Plaintiff can be doubly sure that it has named the proper defendants in this action.

Plaintiff requests discovery to be served on Moniker, on the operator of SunPorno.com, and on any relevant ISPs.  Therefore the Plaintiff requests that the Court issue an Order allowing Plaintiff to serve subpoenas on the relevant ISPs, wherein Plaintiff shall request the specific subscriber information necessary to confirm the identity of the ISP subscriber in order to fully translate the identity of the Defendants.

Since 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some ISPs are also cable operators, Plaintiff requests that the Court's Order state clearly that the Court has contemplated the Cable Privacy Act, and that the order specifically complies with the Act's requirements. *See* 47 U.S.C. § 551.

Additionally, the Internet subscriber is not always the proper party in actions such as this. Plaintiff therefore seeks to depose and/or issue interrogatories to the Internet subscriber identified by each ISP, in order to determine whether or not they are one of the proper defendants in this action. In the interest of judicial economy, Plaintiff requests pre-authorization to conduct this supplemental discovery.

**Conclusion**

The Plaintiff requests that the Court issue the requisite Order instructing Moniker Online Services and Moniker Privacy Services to turn over all information pertinent to the identity of the owners, operators, and principals operating the SunPorno.com website, domain name, and relevant accounts for each. This should include, but should not be limited to, names, addresses, credit card billing address, PayPal account information, email exchanges or other correspondence with the relevant party, and all IP address login information for the SunPorno.com domain name account and for the account of Defendant Moniker Privacy Services Registrant 2125963.

Furthermore, the Court should issue an Order to any ISP to produce any and all documents and/or information sufficient to identify the user or users of the relevant IP addresses, which the Plaintiff anticipates receiving from Moniker.

Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

Plaintiff additionally requests permission to engage in limited discovery by issuing interrogatories and/or deposing the individuals identified by the first round of discovery requests, or the second round (requests sent to the ISPs), in order to determine whether or not the Internet subscriber is a proper defendant in this action.

This motion is presented on an emergency basis, as once the Defendants are informed of the fact that the Plaintiff seeks their information, they are likely to take further steps to hide their identities and/or to fraudulently transfer assets.  A proposed order is attached.

Dated: September 27, 2011					Respectfully submitted,

**RANDAZZA LEGAL GROUP**

  *s/ Marc J. Randazza*
Marc J. Randazza (625566)
mjr@randazza.com
Jason A. Fischer (68762)
jaf@randazza.com
RANDAZZA LEGAL GROUP, P.A.
2 South Biscayne Blvd, Suite 2600
Miami, Florida 33131-1815
Telephone:  (888) 667-1113
Facsimile:  (305) 397-2772

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that no service is required of the foregoing, as no other party has made an appearance in this action.

  *s/Marc J. Randazza*