UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62107-CIV-WILLIAMS/SELTZER

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

vs.

MONIKER PRIVACY SERVICES REGISTRANT
2125963, d/b/a SUNPORNO.COM, "ADVERT",
"CASTA", "TRIKSTER", "WORKER", "LIKIS",
"TESTER", and DOES 1-50,

    Defendants.
_____/

ORDER

    THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Motion for Early Discovery (DE 8) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 16).  The Court having considered the Motion (DE 8), the requirements of the Cable Privacy Act, 47 U.S.C. § 551, and being otherwise fully advised, it is hereby ORDERED that the Motion (DE 8) is GRANTED in PART and DENIED in PART as set forth below.

    On September 26, 2011, Plaintiff filed a Complaint alleging violations for copyright infringement against Moniker Privacy Services Registrant 2125963 d/b/a SunPorno.com, "advert," "Casta," "Trikster," "worker," "likis," "tester," and Does 1-50. See Complaint (DE 1).  Thereafter, Plaintiff submitted a motion seeking permission to take early discovery for the limited purpose of identifying these Doe Defendants.  See Motion (DE 8). Specifically, Plaintiff seeks "a Court order permitting [it] to issue subpoenas" to Moniker Online Services ("Moniker") and the relevant Internet Service Providers ("ISPs"), to determine the names and addresses of certain subscribers connected to certain IP

addresses "in advance of this case's Rule 26(f) conference, in order to discover the true identity of the defendants in order to serve them with process in this case." Id. at 2 (DE 8). Additionally, Plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified by these ISPs in order to determine whether the subscriber is a proper defendant in this action. See Motion at 7 (DE 8) ("requesting pre-authorization to conduct this supplemental discovery").

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (recognizing that "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely online"). These requests are allowed upon a showing of good cause. See Dell Inc. v. BelgiumDomains, LLC, No. Civ. 07-22674, 2007 WL 6862341(S.D. Fla. Nov. 21, 2007); see also Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting *ex parte* expedited discovery from third parties where plaintiff showed good cause); Semitool, Inc. v. Tokyo Electronic America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co., 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery). And here, the Court finds good cause to partially grant the relief that Plaintiff seeks. See, e.g., UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214 (N.D. Ca. 2008) (emphasizing that "[i]n fashioning discovery orders under Rule 26(d), the district courts

2

wield broad discretion, as they do when managing any aspect of discovery" and granting "with modifications" plaintiff's Motion for Leave to Take Immediate Discovery).

Accordingly, it is hereby ORDERED that Plaintiff's *Ex Parte* Motion for Early Discovery (DE 8) is GRANTED in PART and DENIED in PART as follows:

1.   Plaintiff's *Ex Parte* Motion for Early Discovery is GRANTED to the extent that Plaintiff may serve, pursuant to the federal rules, subpoenas on Moniker Online Services ("Moniker") and the relevant Internet Services Providers commanding production (to Plaintiff) of the login IP addresses, true names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC")[1] addresses for Defendants. Moniker shall respond to the Plaintiff's subpoenas forthwith. Any Internet Service Provider shall have ten (10) days after service of any subpoenas to notify the subscriber(s) that their identit(y/ies) have been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to file a responsive pleading or motion to quash.

2.   Plaintiff shall attach a copy of this Order to any such subpoena.

3.   Plaintiff may use the responsive information disclosed only to prosecute the claims made in its Complaint.

4.   Plaintiff's *Ex Parte* Motion for Early Discovery is DENIED in all other respects.

DONE AND ORDERED in Fort Lauderdale, Florida, this 9th day of November 2011.

BARRY S. SELTZER
United States Magistrate Judge

---

[1] A MAC address is a number that identifies the specific computer used for the infringing activity.

3

Copies to:

Honorable Kathleen M. Williams
United States District Judge

All Counsel of Record