Marc J. Randazza, Esq., FL Bar #625566
Jason A. Fischer, FL Bar #68762
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SERGEJ LETYAGIN d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>Defendants | Case No. 11-cv-62107-KMW<br><br>**EMERGENCY MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

The court issued an Order (ECF 47), which is based upon clear error with respect to its evaluation of what is in the record. This motion is filed to correct that error. This motion is filed on an emergency basis, for if the Defendants move SunPorno.com out of this jurisdiction, this Court will be powerless to reverse that move. Given the suspect nature of the Defendant's other domain name transfers, it is virtually certain that Defendants will do so if given the opportunity.

## II. LEGAL STANDARDS

Courts generally have found that there are three grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Williams v. Cruise Ships Catering &*

*Svc. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366 (S.D. Fla. 2002).

A motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new ones; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949 (11th Cir. 2009). In this case, the Plaintiff does not waive any arguments regarding the reasoning, but in this Motion for Reconsideration, the Plaintiff does not question the reasoning -- merely the clear error upon which that reasoning seems to be based. The Court clearly missed large volumes of record evidence when rendering its decision.

For example, the Court states that Plaintiff "submitted evidence of ownership of only one copyrighted work (DE 21-6.)" (ECF 47 at 10) This is incorrect. In both the initial and amended complaint, Plaintiff asserts copyright over six motion pictures posted on the SunPorno.com website. (ECF 1 ¶ 74; ECF 21 ¶ 91) A list of the video titles at issue along with the web address of their location at the time of the initial complaint is on the record at ECF 1-12. Copyright registration certificates for five of the six videos are contained within the record at ECF 1-13. The chart below show that evidence of ownership and infringement of six works is of record in this case.

| Title of Infringed Work | Record Evidence of Infringement | Record Evidence of Copyright Certificate |
|---|---|---|
| Noah and Mandy | ECF 1-4 | ECF 1-13, pg. 2 |
| Josh and Mandy | ECF 1-5 | ECF 1-13, pg. 3 |
| Dawson and Mandy | ECF 1-6 | ECF 1-13, pg. 4 |
| Chris and Mandy | ECF 1-7 | ECF 1-13, pg. 5 |
| Tanner and Mandy | ECF 1-8 | ECF 1-13, pg. 6 |
| Philip F**ks Trey | ECF 1-9 | ECF 21-6 |

One of the six videos listed in the initial complaint had its copyright registration pending at the time of the initial complaint. When the complaint was amended, that registration was finalized and the certificate was attached to the amended complaint at ECF 21-6. The Court seems to have mistakenly declared that this is the only infringement demonstrated in the record.

It is improper to reattach previously submitted evidence to an amended complaint. Therefore, the Plaintiff did not resubmit the evidence already in the record at ECFs 1-4 through 1-9 and 1-13.

Another factual error is that the Court wrote that "the affidavit submitted in support of its motion (DE 37-2) states that ten works on the SunPorno.com website were pirated, but does not identify the works, specify that Plaintiff owns the copyright, or state that the works have been registered in compliance with the copyright statute." (ECF 47 at 10) The court misconstrues the declaration submitted from Mr. Phinney. This declaration was meant to demonstrate the pervasiveness of infringement upon the Defendant's website in general, not to specify copyright infringement upon the Plaintiff's works. In fact, Mr. Phinney was asked specifically to search for evidence of any pirated content – not that of the Plaintiff alone.

Further, the court holds that jurisdiction is not shown in the record despite the fact that there is evidence displaying that the domain name was registered in Florida (ECF 37-3); the domain name was not only registered with a Florida company, but was registered with full knowledge that Moniker was a resident of the forum state, or at least the forum country (ECF 42-7, Defendant's exhibit showing Moniker as a Florida business, with its other addresses in Portland, Oregon and Los Angeles, CA); the SunPorno.com website is hosted in Ohio (ECF 46-1); the largest number of customers are from the United States (ECF 46-2); and its terms and conditions were entirely in not only English, but American English (ECF 21-3).

The record shows that 15% of the website's monthly visitors are Americans. (ECF 46-2) As shown in ECF 46-2, SunPorno.com has 2,863,433 unique visitors per month. Id. This means that 443,832 unique Americans per month enter into some kind of transaction with the Defendants.[1] Indeed, since the hearing was held, almost 25,000 unique American visitors have used the SunPorno.com website. In doing so, they route through Ohio based web servers. (ECF 46-1) The United States is the Defendant's largest market and the record evidence not only shows that the Defendant's website is available in the United States, but that the loss of the U.S.

---

[1] ECF 21-2, however, shows 1.6 million American visitors per month.

market would be devastating to it.  The Plaintiff has shown that the Defendant's website is entirely in English. (ECFs 1-3 through 1-9; 1-11; 1-14; 21-4; 21-5; 37-5)  Its terms of use clearly show a Florida based DMCA agent for the Defendants, Lawerence G. Walters, in Longwood, Florida.  See Exhibit D to the October 21, 2011 Motion for Alternate Service, filed under seal.  The Defendants website serves its 443,832 to 1.6 million American visitors per month from American servers, using American agents, and collecting American money.

SunPorno.com displays advertisements featuring an American actor, Ron Jeremy.  (ECF 1-5; 1-6)  Other ads clearly target Americans, such as advertisements for penis enlargement, which use inches instead of centimeters.  (ECF 1-7; 1-8) The website's signup form clearly and unequivocally targets United States residents.  It has drop down menus thereupon which are pre-populated with United States as the member's country of origin and a space to fill in U.S. zip codes.  (ECF 1-11; 21-5)  Furthermore, every page on SunPorno.com displays an American flag in the upper-right hand corner of the page to select English – not the Union Jack.  (ECFs 1-3 through 1-9; 1-14; 37-5)  When a user opts to sign up for a premium membership on SunPorno.com, they are directed to a website that links to terms and conditions of membership that clearly target Americans.  (ECF 21-4)  These terms and conditions go so far as to explicitly list the states in which the minimum age for majority is 21 and list them by their United States postal abbreviations: "AL, MS, NE, WY".  Id. at 2.  Further, these terms explicitly state that the user represents and warrants that they "have not notified any governmental agency, **including the U.S. Postal Service**, that [they] do not wish to receive sexually oriented material." (emphasis added)  Id. at 2.  The site then goes on to link to a list of restricted zip codes from the United States.  Id. at 3.

The Court seems to have over looked all of this record evidence.  Should the Court review this record evidence and then still maintain that jurisdiction is improper under Fed. R. Civ. Pro. 4(k)(2), then the Plaintiff respectfully requests that the Court make that clear.  Clearly based upon the <u>record evidence</u>, there is more than sufficient evidence that the Defendant purposely availed himself of the privileges of doing business in the United States of America – which is the standard under Fed. R. Civ. P. 4(k)(2).  As the court noted, Rule 4(k)(2) is the

"federal long-arm statute." *Oldfield v. Pueblo De Bahia Lora, SA.,* 558 F.3d 1210, 1218 & n.23 (11th Cir. 2009) (citation omitted).  The federal long-arm statute reaches a foreign defendant that is not subject to the jurisdiction of the courts of general jurisdiction of any state, as long as the plaintiff's claim arises under federal law and the exercise of personal jurisdiction would not offend due process.  *Id.* at 1218-19 (citing *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000)).  The Defendant could have chosen to identify another U.S. state in which it was subject to personal jurisdiction, *Id.* at 1218 n.22, or could have shown that its aggregated contacts with the United States as a whole were insufficient, *United States v. Swiss Am. Bank, Ltd.,* 191 F.3d 30, 41 (1st Cir. 1999).  The record evidence is clearly sufficient to show that the aggregated contacts with the United States are sufficient to hale the Defendant into court in this country.  See Composite Exhibit A.

### III. CONCLUSION

For the reasons stated in the Motion for Temporary Restraining Order (ECF 37), the Reply Brief (ECF 43), and in this Motion for Reconsideration, the Court should recognize that jurisdiction is proper under Fed. R. Civ. Pro. 4(k)(2) and order the limited injunctive relief of a Temporary Restraining Order, ordering that the status quo be maintained with respect to the SunPorno.com domain name, and that if the Defendant so requests, that an evidentiary hearing be held within two weeks in order to determine if the Order should dissolve or be converted into a preliminary injunction.

Upon the presentation of evidence by the Defendant of the extra costs of the domain name registration fee at Moniker over the service of Defendant's choice, the Plaintiff shall be responsible for paying the difference between the two fees.

Dated: December 14, 2011

Respectfully Submitted,
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (888) 667-1113
Facsimile: (305) 437-7662 fax

_s/Marc J. Randazza_

Marc J. Randazza, Esq., (625566)
mjr@randazza.com
Jason A. Fischer, (68762)
jaf@randazza.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using this Court's CM/ECF system on Decmber 14, 2011, and are thereby served upon Mr. Mark Terry, Mr. Valentin Gurvits, Mr. Evan-Fray Witzer and Mr. Steven J. Miller.  As the identity of the remaining Defendants has yet to be determined, they cannot be served.

   *s/ Marc J. Randazza*

Marc J. Randazza