Marc J. Randazza, Esq., FL Bar #625566
Jason A. Fischer, FL Bar #68762
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
(888) 667-1113
(305) 437-7662 fax
mjr@randazza.com

Attorneys for Plaintiff,
Liberty Media Holdings, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SERGEJ LETYAGIN d/b/a SUNPORNO.COM, IDEAL CONSULT, LTD., "ADVERT", "CASTA", "TRIKSTER", "WORKER", "LIKIS", "TESTER" and DOES 1-50<br><br>　　　　Defendants | Case No. 11-cv-62107-KMW<br><br>**REPLY TO OPPOSITION TO THE MOTION FOR RECONSIDERATION** |

**I. THE MOTION IS PROPER**

　　　　A motion for reconsideration is proper when the court has made a mistake with respect to its perception of the facts.  See, e.g., *Perino v. Mercury Fin. Co.,* 912 F. Supp. 313, 318 (N.D. Ill. 1995); *Allendale Mutual Ins. Co. v. Excess Ins. Co.,* 992 F. Supp. 271 (S.D.N.Y. 1997); *Farkas v. Ellis,* 979 F.2d 845 (2d Cir. 1992); *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (observing that a motion for reconsideration is proper when the court has patently misunderstood a party or committed an error of apprehension).  Furthermore, an attorney has an obligation to correct error on the record.  As this is what happened in this case, the Motion is proper and should be granted.

As shown in the Motion for Reconsideration, the Court clearly missed the very existence of a significant number of exhibits in the record. In the interest of justice, both parties had an obligation to call that to the Court's attention. See *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Before doing so on an emergency basis, the Plaintiff's counsel sought the Defense's agreement that they would not move the sunporno.com domain name out of this jurisdiction. See **Exhibit A**. Despite the fact that this request was sent via email to four attorneys, all of whom have entered appearances in this case on behalf of the Defendant, not one of them <u>ever</u> responded, except by filing the opposition. And, instead of entering into an agreement that would cause mere pennies worth of prejudice the Defendants instead sought affirmative relief against the Plaintiff.

If the court corrects its misapprehension of the content of the record, and then continues to maintain that the reasoning in its Order (ECF 47) still applies, then the Plaintiff must move on to the next step in this process. However, allowing the court to be misled with respect to the existence or nonexistence of key portions of the record, which appear to be sufficient to change the Court's order, would have been ethically improper. *Burns,* 31 F.3d 1095 ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.") In fact, it would seem that even Defense counsel would have an obligation to bring this to the Court's attention. *Id.* The Florida Bar's oath of attorney requires to pledge "fairness, integrity, and civility." *In re: Oath of Admission to the Florida Bar*, 36 Fla. L. Weekly S505 (Sept. 12, 2011). It is a violation of at least the spirit, if not the letter, of that requirement to allow a Court's misperception of the <u>mere</u> <u>existence</u> of key facts in the record to stand uncorrected. How much weight the Court gives those facts and how the Court should apply those facts to the law is a matter upon which reasonable attorneys and parties may professionally disagree. However, when the Court clearly missed volumes of evidence, keeping that evidence from the Court's consideration of an important matter is neither proper, noir fair, nor civil.

## II. THE REQUEST FOR FEES IS IMPROPER

It is improper for the Defendants to seek an award of attorneys' fees against the Plaintiff. First and foremost, the authority under which they seek the fees is not stated. Second, the motion is far from "unnecessary." See *Burns,* 31 F.3d 1095; *In re: Oath of Admission*, 36 Fla. L. Weekly S505. The motion seeks relief of the utmost importance to the Plaintff. If the domain name is moved offshore, out of this Court's equitable reach, then the Court will be powerless to impose injunctive relief against the Defendants. On the other hand, if the status quo is maintained, the Court will have the power to impose orders to impose its equitable will on the Defendants, should it be necessary. Third, the motion *could have been rendered unnecessary* by the Defense simply agreeing to leave the domain name where it is. The Defense refused to even communicate with the Plaintiff on that subject. **Exhibit A.**

The cost to the Defense in such an agreement would have been *de minimis*. At the hearing, the Defense argued that the cost to the Defendants would have been substantial; the facts do not support that position. The cost of registering domain names at Moniker is (at most) $8.99 per year, with volume discounts available. See **Exhibit B**.[1] Meanwhile, the registrar to which the Defendants seek to move the domain charges $7.45 per year. See **Exhibit C**. This Motion could have been avoided had the Defense simply responded to the Plaintiff's counsel's email with just such an assurance.

Finally, the Defendants refused to accept service of process. They refuse to acknowledge that they have waived service.[2] They claim that they are 100% outside the United States and beyond this Court's jurisdiction. This, in itself shows that the requested relief is necessary and proper. However, with respect to the fee request, the Defendants have voluntarily appeared in order to fight a motion that would mean (at most) a loss of $1.54 per year. Meanwhile, the Defendants characterize the instant motion as "unnecessary," and they seek affirmative relief

---

[1] At oral argument, counsel for the Plaintiff represented that the price was "about $7" – this factual mistake was unintentional, and the undersigned acknowledges his error and hereby corrects the record.

[2] The Plaintiff takes the position that they have.

against the Plaintiff. If a defendant voluntarily files voluminous documents in a case in order to try to avoid a $1.54 loss, a court should not entertain his complaint about how much his protest has cost him.

Accordingly, the Plaintiff has rebutted the contention that the Motion is unwarranted. Furthermore, the Plaintiff has fully rebutted any contention that there is any entitlement to the affirmative relief of attorneys fees.

### III. CONCLUSION

Why the Defendants would not agree to maintain the status quo is inexplicable. Why they are fighting the relief sought -- which is now limited to the continued maintenance of the status quo – is further inexplicable. *Perhaps* the initial relief sought in the Motion for Temporary Restraining Order was worth their protest. But once the Plaintiff fell back to conceding everything except the mere maintenance of the status quo with the respect to a single domain name, the resistance became illogical. If this Motion succeeds, it will mean "prejudice" to the Defendant of (at most) $1.54 per year. If it should fail, the Defendants will continue their suspiciously-timed evacuation of domain names out of the country to include this last domain name – the one central to this case. As a general principle, transporting instrumentalities of copyright infringement to a foreign jurisdiction during ongoing litigation is improper. In this case, it is positively intolerable, as it will mean that this Court would lose all of its ability to coerce any form of cooperation from the Defendants, and it would lose all ability to impose any equitable relief.

The Plaintiff agrees that the motion *should have been* unnecessary. The Defense should have agreed to relief that is of the utmost importance to the Plaintiff, but on balance stands to cause the Defense $1.54 worth of harm. They did not even engage in a dialogue, let alone agree. Thus the Motion was imperative. The Motion should be granted, and the affirmative relief sought by the Defendants should be denied.

//
//
//

Dated: December 16, 2011

Respectfully Submitted,
Randazza Legal Group
2 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Telephone: (888) 667-1113
Facsimile: (305) 437-7662 fax

   *s/Marc J. Randazza*

Marc J. Randazza, Esq., (625566)
mjr@randazza.com
Jason A. Fischer, (68762)
jaf@randazza.com